[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR REARGUMENT AND ARTICULATIONDATED OCTOBER 30, 1997 AND DEFENDANT'S OBJECTION THERETO DATED NOVEMBER 4,1997
This lawsuit along with the companion case of Dennis Steigeret ux vs. the Town of Old Lyme et al, #89-510846, was heard by the Court during October and November 1993 for a total of 13 trial days.
A Memorandum of Decision, 85 pages in length, was issued on February 25, 1994. CT Page 492
The issue now raised after appeal has to do with a certain escrow account of $3,000.00 held by the late Attorney Kidney, which funds related to a certain "punch list," Plaintiffs' Exhibit T., Defendant's Exhibit 3.
The actual exhibits, due to the lapse of time, have been returned to counsel and are not available to the Court at this juncture.
The escrow account was established in 1987 at the time of the closing of title to the subject real estate.
Counsel acknowledge that the sum of $791.08 was long ago paid out of this account to Economy Oil for repairs to the heating system, leaving a present escrow balance of $2,208.00 ± .
All counsel acknowledge that the judgment on $26,142.83, plus adjusted attorney's fees of $10,000.00, have been paid in full.
Plaintiffs' counsel's position is to the effect that the escrow was a separate isolated sum not controlled by the decision and that the Plaintiffs are entitled to said sum on the theory of a separate contract.
At argument, the Court was provided with a photocopy of the so-called "punch list".
The Court has compared this list with the itemized breakdown of the damages, as set forth on page 84 of the Memorandum of Decision, rendered in favor of the Plaintiffs.
The items reflected on the "punch list", Exhibits T or 3, and on the copy provided the Court today, January 20, 1998, are as follows:
oil fill pipe
oil vent pipe
oil line filter
master bath light plate (marked "Done")
master bath shower CT Page 493
four heater corner caps
master bedroom window
two screens
siding under glass door
two kitchen cabinet doors (marked "Done")
aluminum trim backs and dining room side of house
dishwasher installation
outside rocks and stumps and debris
cave-in over septic (a question mark appears after this item)
hot water temp control
washer drain
washer hook-up
plumbing complete
counter corner
driveway
easements — driveway and power
basement leak
half-bath light
There is no separate dollar amount established as to each of the foregoing.
On page 84 of the Court's Memorandum of Decision, the Court endeavored on the basis of the evidence and the exhibits to itemize the various claimed defects and deficiencies.
By way of illustration, the Court allowed $6,850.00 to CT Page 494 replumb the entire house to code, the Court allowed $1,010.00 incident to heating problems, this in addition to what had been disbursed to Economy Oil, the Court allowed $2,926.50 for clay fill to the septic system.
On page 80 of its Memorandum of Decision, the Court granted the requests incident to solving any problems as to deeds, grants or easements as to the driveway, etc.
At the time of preparing the Memorandum of Decision, the Court endeavored to carefully review its trial notes and all exhibits. The exhibits, as indicated, are no longer available to the Court inasmuch as they have been returned.
The Court has carefully reviewed the rather voluminous file.
Plaintiffs' counsel suggests to the Court that the case ofIn Re: James Bruce Cornell, Debtor, Stacey C. Spartz, Plaintiff vs.James Bruce Cornell, Defendant, 178 Bankruptcy Reporter 45 (1995) is helpful as concerns the issue now before the Court.
After having carefully read the decision the Court is not persuaded that its holding affects the present issue.
Basically the Plaintiffs' position is to the effect that notwithstanding the judgment and the itemized damages contained therein, and the fact that the judgment has been satisfied in full, that in addition thereto, Plaintiff should have the remaining amount in the escrow account.
The purpose of the escrow fund was to insure the completion of a variety of items, which the Court respectfully suggests were addressed in the decision.
A comparison of the "punch list" with pages 80 and 84 of the judgment, the Court suggests bears this out.
Some of the items on the "punch list" indicate that even at the time it was prepared, or at least at the closing, were in fact completed and are marked "Done". To wit:
master bath light
two kitchen cabinet doors CT Page 495
In addition, the "punch list" has noted thereon as to three items the words "subject to availability".
In the event that the Court has inadvertently overlooked any item on the "punch list" not adequately covered in its decision, the Court will allow the further sum of $500.00 to the Plaintiffs.
The Court, therefore, directs that the escrow agent Attorney James McGee of Westbrook deliver over the sum of $500.00 to Attorney Paul Geraghty, Trustee for the Plaintiffs, and the remaining balance of the escrow account to be delivered over to Attorney Nicholas J. Gorra, Trustee for the Defendants.
Austin, J.